# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 9, 2012 Session

## Dexter L. McMillan v. Aubrey L. Davis

### Appeal from the Circuit Court for Knox County
### No. 211409     Harold Wimberly, Judge

––––––––––––––––––––––––––––––––––––––––––––––––––

## No. E2011-02267-COA-R3-CV - Filed January 4, 2013
––––––––––––––––––––––––––––––––––––––––––––––––––

This is an action for legal malpractice against a court-appointed attorney in a criminal case.  The Circuit Court of Knox County entered a judgment for the defendant. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

BEN H. CANTRELL, SR.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and NORMA MCGEE OGLE, SP.J., joined.

Dexter L. McMillan, Knoxville, Tennessee, Appellant, Pro Se.

Aubrey L. Davis, Knoxville, Tennessee, Appellee, Pro Se.

### MEMORANDUM OPINION[1]

On March 12, 2009 the plaintiff/appellant filed a complaint against the defendant/appellee alleging that he had been grossly negligent as the court-appointed attorney for appellant in a criminal case.

The defendant did not answer within the allotted time and the court initially granted the plaintiff a default judgment.

---

[1]In accordance with Rule 10 of the Court of Appeals the Court may dispose of appeals with a memorandum opinion when a formal opinion would have no precedential value.

After the court set aside the default judgment, the case traveled an uneven path - plaintiff proceeding pro se, defendant sometimes represented by counsel, sometimes not - until October 14, 2011 when the lower court heard from both parties and held that there was no basis for recovery by the plaintiff.  A final judgment was entered on April 13, 2012.

On June 21, 2012 the appellant filed a notice that there was no transcript of the evidence.  The notice requested that the case be set for oral argument in this Court.

The appellant raises only one issue in his brief: that the lower court erred in finding that there was no damage caused by the appellee.  This issue is fact-specific.  Whether the court was right or wrong must be reviewed based on what the trial judge heard at the hearing on October 14, 2011.

In the absence of an adequate record on appeal, we must presume that the trial court's rulings were supported by sufficient evidence.  *Manufacturer's Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846 (Tenn.Ct.App.2000)

The judgment of the court below is affirmed.  Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, SENIOR JUDGE